UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

JAMIE PUTMAN,

           Plaintiff,

  v.

SELECTIVE INSURANCE COMPANY OF
NEW JERSEY and SELECTIVE INSURANCE
COMPANY OF AMERICA,

           Defendants.

-----------------------------------------------------------X

Civil Action No. 1:25-cv-6563

NOTICE OF REMOVAL TO
THE UNITED STATES
DISTRICT COURT FOR THE
EASTERN DISTRICT OF
NEW YORK

TO: TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 (Diversity), §l367 and §1441(b) (Removal Jurisdiction), Defendants SELECTIVE INSURANCE COMPANY OF NEW JERSEY and SELECTIVE INSURANCE COMPANY OF AMERICA, by and through their attorneys, O'Malley, Padovani & Demler, respectfully give this notice of removal of an action now pending in the Supreme Court of the State of New York, County of Kings, to the United States District Court, Eastern District of New York in Brooklyn. As grounds for removal, Defendants respectfully set forth the following:

    I.    INTRODUCTION

    1.    This lawsuit arises out of an uninsured motorist claim, wherein JAMIE PUTMAN seeks to recover under an insurance policy issued by SELECTIVE INSURANCE COMPANY OF NEW JERSEY for damages allegedly incurred on June 15, 2024 in Brooklyn, New York, when she was hit and injured by a motorized bicycle which fled the scene.

    2.    Plaintiff has named as defendants SELECTIVE INSURANCE COMPANY OF NEW JERSEY and SELECTIVE INSURANCE COMPANY OF AMERICA, collectively insurer issuing the policy under which benefits are sought.

    3.    Plaintiffs' lawsuit was filed in the Supreme Court for the County of Kings on November 6, 2025, and was captioned *JAMIE PUTMAN V. SELECTIVE INSURANCE COMPANY*

OF NEW JERSEY and SELECTIVE INSURANCE COMPANY OF AMERICA., Index No. 539258/2025.

## II. REMOVAL IS PROCEDURALLY PROPER

4. Concurrently with the filing of this Notice of Removal, defendants are filing a Notice of Filing Notice of Removal with the Clerk of the Supreme Court in and for Kings County, which filing will include a copy of this Notice of Removal. A copy of Defendants' Notice of Filing Notice of Removal is attached as Exhibit "1".

### A. Removal is Timely

5. Defendants have timely filed the within Notice of Removal within 30 days after the removing defendants first received notice of this Action when personally served with the Complaint in New Jersey on November 7, 2025. This removal is therefore made pursuant to 28 U.S.C. § 1446(b), within 30 days of defendants' first receipt of this action. This removal is also made within one year after the Complaint was filed. *See also,* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stinging, Inc.,* 526 U.S. 344, 348 (1999). Removal is therefore timely.

### B. Pleadings, Process and Orders

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in this action are attached collectively as Exhibit "2". Specifically, these items include:

   a. On or about November 6, 2025, plaintiff JAMIE PUTMAN commenced her action in the Supreme Court for the County of Kings by filing a Verified Complaint therein entitled *JAMIE PUTMAN v. SELECTIVE INSURANCE COMPANY OF NEW JERSEY and SELECTIVE INSURANCE COMPANY OF AMERICA,* Index No. 539258/2025. A true and correct copy of Plaintiff's Summons and Verified Complaint are attached hereto and incorporated herein by reference collectively as Exhibit "2."

   b. The Summons and Verified Complaint were served on defendants in New Jersey on November 7, 2025. This notice of removal constitutes the defendants' first responsive pleading.

   c. The undersigned counsel represents all named defendants and all defendants consent to this removal.

C. Venue

7. The appropriate removal court is the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441(a) because plaintiff's action was originally filed in the Supreme Court of the State of New York in and for Kings County.

        D.      Consent of All Defendants

8. As noted above, all defendants to this action consent to the removal.

## II. THE COURT HAS DIVERSITY JURISDICTION AND REMOVAL IS APPRORIATE DUE TO DIVERSITY OF CITIZENSHIP

9. As a basis for removal jurisdiction, 28 U.S.C. § 1332 provides that District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States or foreign countries. *See* 28 U.S.C. § 1332(a)&(c); *see also Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1557 (11th Cir. 1989). Here, removal is appropriate under 28 U.S.C. § 1332 because complete diversity of citizenship exists as between plaintiff, a New York resident, on the one hand and defendants, New Jersey residents, on the other hand, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because removal is made by the removing defendants within 30 days after they received notice of this lawsuit and within one year after the Complaint was originally filed.

        A.      Citizenship

10. Plaintiff JAMIE PUTMAN was, at the time of the filing of this action, and presently remain, a resident and citizen of the State of New York. For removal purposes plaintiff is therefore considered a citizen of New York.

11. Defendants SELECTIVE INSURANCE COMPANY OF NEW JERSEY and SELECTIVE INSURANCE COMPANY OF AMERICA are incorporated and domiciled in the State of New Jersey, with a principal place of business in Branchville, New Jersey. Defendants are, therefore, citizens of New Jersey.

12. Since plaintiff is a citizen of New York and since both defendants are citizens of New Jersey, complete diversity exists as between plaintiff and defendants.

By: Amount in Controversy

13. Removal based on diversity of citizenship is proper when the amount in controversy exceeds $75,000. Here plaintiff has made a Statement of Damages which alleges that the value of her economic and non-economic loss exceeds $500,000. See plaintiff's email to defendants annexed hereto as Exhibit "3". The amount in controversy therefore significantly exceeds the $75,000 threshold for diversity jurisdiction.

## TIMELINESS OF REMOVAL

14. This Notice of Removal is timely filed in that it has been filed within 30 days of service of the summons on defendants and within one year of the filing of the Verified Complaint. All defendants named herein are represented in this action by undersigned counsel and do hereby consent to this Notice of Removal.

15. For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§1332 and 1441(b), and supplemental jurisdiction under 28 U.S.C. §1367(a).

WHEREFORE, defendants respectfully requests that this action be removed to this Court.

Dated: New York, New York
       November 25, 2025

Respectfully submitted,

O'MALLEY, PADOVANI & DEMLER

By: _____
Colin Rathje, Esq.
Attorneys for Defendants
565 Taxter Road, Suite 220
Elmsford, NY 10523
(914) 347-1344
Colin.Rathje@Selective.com