PERSONALLY SERVED 11/7/2025

AT 7:47 (AM)/PM

CORPORATE SECURITY DESK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
JAMIE PUTMAN

                        Plaintiff/Petitioner,

        - against -                          Index No. 539258/2025
SELECTIVE INSURANCE COMPANY OF NEW JERSEY
and SELECTIVE INSURANCE COMPANY OF AMERICA

                        Defendant/Respondent.
-----------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
(Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 11/6/2025

## Adam D. White, Esq.
Name
Law Office of Adam D. White

Firm Name

75 Broad Street #1601

New York, New York 10004

Address

(212) 577-9710

Phone

adam@adamwlaw.com
E-Mail

To:  ALL DEFENDANTS

2/24/20

Index #        Page 2 of 2        EFM-1

FILED: KINGS COUNTY CLERK 11/06/2025 12:40 PM		INDEX NO. 539258/2025
NYSCEF DOC. NO. 1		RECEIVED NYSCEF: 11/06/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
JAMIE PUTMAN,

                              Plaintiff,

            -against-

SELECTIVE INSURANCE COMPANY OF NEW
JERSEY and SELECTIVE INSURANCE COMPANY
OF AMERICA,

                              Defendants.
-------------------------------------------------------------------X

**SUMMONS**

Index No.

Plaintiff designates KINGS
County as the place of trial

The basis of venue is
Location of Occurrence

**To the above-named Defendants**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:    New York, New York
                 November 5, 2025

                                                Adam D. White, Esq.
                                                Law Office of Adam D. White
                                                Attorney for Plaintiff
                                                75 Broad Street, Suite 1601
                                                New York, New York 10004
                                                (212) 577-9710

FILED: KINGS COUNTY CLERK 11/06/2025 12:40 PM
NYSCEF DOC. NO. 1
INDEX NO. 539258/2025
RECEIVED NYSCEF: 11/06/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
JAMIE PUTMAN,

                     Plaintiff,

      -against-

SELECTIVE INSURANCE COMPANY OF NEW
JERSEY and SELECTIVE INSURANCE COMPANY
OF AMERICA,

                   Defendants.
-----------------------------------------------------------------X

Index No.

VERIFIED COMPLAINT

      Plaintiff, by the undersigned counsel, complaining of the defendants herein, respectfully sets forth and alleges the following, upon information and belief:

1. That at all times hereinafter mentioned, plaintiff was and is a resident of both Kings County, New York and Essex County, New Jersey.

2. That at all times hereinafter mentioned, defendant SELECTIVE INSURANCE COMPANY OF AMERICA (hereinafter "SELECTIVE AMERICA") is authorized to conduct business in the State of New York.

3. That at all times hereinafter mentioned, defendant SELECTIVE INSURANCE COMPANY OF NEW JERSEY (hereinafter "SELECTIVE NJ") is an affiliate of SELECTIVE AMERICA.

4. That at all times hereinafter mentioned, defendant SELECTIVE AMERICA manages, controls, oversees, and/or administers auto insurance policies issued by defendant SELECTIVE NJ.

5. That at all times hereinafter mentioned, defendant SELECTIVE NJ issued an automobile insurance policy which provided Uninsured Motorist (UM) coverage with a policy limit of $500,000 per accident, policy number 5343970 (hereafter, "the subject auto policy") and plaintiff was covered under the subject auto policy.

FILED: KINGS COUNTY CLERK 11/06/2025 12:40 PM
INDEX NO. 539258/2025
RECEIVED NYSCEF: 11/06/2025

6. That the subject auto policy was in effect on June 15, 2024.

7. That on or about June 15, 2024, there was a collision between plaintiff, who was on the sidewalk, and a motor vehicle, which occurred in Brooklyn, New York.

8. That the subject collision was caused by the negligence of the operator of the aforementioned motor vehicle.

9. That the operator of the aforementioned motor vehicle left the scene after the collision without providing their personal information and is unknown.

10. That as a result of the collision, plaintiff sustained significant bodily injuries, requiring medical treatment.

11. That as a result of the collision, plaintiff sustained a displaced fracture to her ankle that required surgery to repair.

12. That as a result of the injuries plaintiff sustained from the aforementioned collision, plaintiff suffered significant pain and suffering, lost wages, loss of income, loss of job opportunities, and other damages.

13. That plaintiff timely asserted a claim for UM coverage under the subject auto policy (claim number 22658016).

14. That defendants have accepted UM coverage for plaintiff's injuries from the subject collision under the subject auto policy.

15. That defendants have not disclaimed coverage applicable to plaintiff's injuries from the subject collision under the subject auto policy.

16. That plaintiff has attempted, in good faith, to negotiate with defendants under the subject auto policy seeking compensation for the injuries and damages plaintiff sustained as a result of the subject collision.

17. That defendants are obligated to negotiate plaintiff's subject UM claim in good faith.

18. That defendants are obligated to fairly evaluate plaintiff's UM claim.

19. That defendants have failed to negotiate plaintiff's subject UM claim in good faith.

20. That defendants have not fairly evaluated plaintiff's UM claim despite having ample evidence to support a tender of the full limits of UM coverage available under the subject auto policy.

21. That defendants have undervalued the claims plaintiff has asserted under the terms of the subject auto policy.

22. That plaintiff has cooperated with defendants and complied with all the policy requirements under the terms of the subject auto policy with defendants.

23. That by reason of the foregoing, plaintiff has been damaged.

24. That by reason of the foregoing, plaintiff has been forced to commence this action against defendants in order to obtain fair and adequate compensation under the terms of the subject auto policy to which plaintiff is entitled.

WHEREFORE, plaintiff demands judgment against the defendants in the sum of $500,000.00 together with the costs, interest, and disbursements of this action.

DATED:   New York, New York
         November 5, 2025

Law Office of Adam D. White
By: Adam D. White
*Attorney for Plaintiff*
75 Broad Street, Suite 1601
New York, New York 10004
(212) 577-9710

FILED: KINGS COUNTY CLERK 11/06/2025 12:40 PM
NYSCEF DOC. NO. 1

INDEX NO. 539258/2025
RECEIVED NYSCEF: 11/06/2025

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

ADAM D. WHITE, an attorney duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury, as follows:

I am the attorney for Jamie Putman the plaintiff in the instant action, and am fully familiar with all of the facts and circumstances herein.

I have read the foregoing VERIFIED COMPLAINT and know the contents thereof and the same are true to my own knowledge except as to the matters therein stated to be alleged upon information and belief. As to those matters I believe them to be true.

The reason this verification is made by affirmant and not by plaintiff is that plaintiff is presently not in the county where your affirmant maintains his offices.

The source of my information and the grounds for my belief as to all matters made on behalf of the plaintiff is information provided to affirmant by plaintiff and/or information contained in your affirmant's file.

Dated: New York, New York
November 5, 2025

_____
ADAM D. WHITE