**VIA ECF**

January 15, 2026

The Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Courtroom 13C South
Brooklyn, New York 11201

      RE:    *Putman v. Selective Insurance Company of N.J. et al.* (1:25-cv-06563-MMH)
               Joint Letter re Subject Matter Jurisdiction

Dear Judge Henry:

      Pursuant to the Court's instructions at the January 8, 2026, initial conference and January 9, 2026, text-only order, the parties submit this "joint letter regarding Plaintiff [Jamie Putman]'s domicile and sufficient facts to establish this Court's subject matter jurisdiction" (ECF No. 14).

      On November 6, 2025 (when Plaintiff commenced this action in New York State Supreme Court) and November 25, 2026 (when Defendants removed this action to federal court) (ECF No. 1), Ms. Putman was a domiciliary, and thus a citizen, of New York State for the purpose of diversity jurisdiction.[1] *See United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("removability is determined from the record as of the time the petition for removal is filed but where basis of removal is diversity then diversity of citizenship must exist at time action was filed in state court as well as at time of removal"); *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile.").

      Domicile is "the place where a person has 'his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (quoting 3B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed.1984)). Domicile is established by physical presence in a state and "the intention to remain there." *Id.*

      Ms. Putman was physically present in New York when she commenced this action and considers New York to be her "true fixed home." Objective manifestations of her intent of the kind considered by courts in this circuit[2] confirm that she is a New York domiciliary: Ms.

---

[1] Notwithstanding her New York domicile, at all times relevant to this litigation, Ms. Putman also maintained a residence in New Jersey. *See, e.g.*, *United States v. Curran*, 299 F. 206, 211 (2d Cir. 1924) ("[O]ne may have several residences at the same time but he can only have one domicile at a time.").

[2] *See, e.g.*, *Palazzo*, 232 F.3d at 41 (considering location of residence, job seeking activities and employment, driver's license, voter registration, mail, belongings, and community attachments); *Stewart v. Singh*, No. 25-cv-1138-JAM, 2025 WL 3072884, at *7 (E.D.N.Y. Nov. 4, 2025) ("[C]ourts take into account a number of factors when

Hon. Marcia M. Henry
January 15, 2026
Page 2 of 2

Putman leases an apartment in Brooklyn, New York, where she spends most of her time. Her social life is centered in New York. She keeps her in-season clothing in New York, while storing her out-of-season clothing at her New Jersey residence. She has a New York driver's license, is registered to vote in New York, and files taxes as a New York resident. Ms. Putman's orthopedic surgeons, who treated her injuries at issue in this case, are in New York. She was employed in New York City at the time she was injured, is currently seeking full-time employment in New York, and the majority of her part-time employment since her injuries has taken place in New York. She is a member of a community co-working space in New York. She receives important correspondence, including concerning her health insurance and medical treatment, at her New York address.[3]

Based on the foregoing and their reasonable inquiries, it is the opinion of the undersigned that Ms. Putman is a New York domiciliary. *See Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) ("conclud[ing] that [a party's attorney]'s allegation of jurisdiction based upon reasonable inquiry [into domicile] is a strong factor in favor of a similar judicial finding"). As both Defendants are corporations, incorporated in New Jersey with their principal place of business in Branchville, New Jersey, Notice of Removal ¶ 11 (ECF No. 1), they are citizens of New Jersey, *see* 28 U.S.C. § 1332(c)(1).[4] Thus, there is complete diversity between the parties, and—as the amount in controversy exceeds $75,000, *see* Notice of Removal ¶ 13 & Ex. 3 (ECF Nos. 1 & 1-3)—this Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

Respectfully,

/s/ Brandon W. Chamberlin
Brandon W. Chamberlin
LAW OFFICE OF ADAM D. WHITE
*Attorneys for Plaintiff*
75 Broad Street #1601
New York, New York 10004
(212) 577-9710
brandon@adamwlaw.com

Colin Rathje
O'MALLEY, PADOVANI & DEMLER
*Attorneys for Defendants*
565 Taxter Road, Suite 220
Elmsford, NY 10523
(914) 347-1344
Colin.Rathje@Selective.com

---

considering where a person is domiciled, including a party's current residence, voting registration, driver's license and automobile registration…, places of employment or business, and payment of taxes." (internal quotation marks omitted) (quoting *Hidalgo v. City of New York*, No. 14-cv-2282-AJN, 2015 WL 1729811, at *2 (S.D.N.Y. Apr. 14, 2015))); *Techno-TM, LLC v. Fireaway, Inc.*, 928 F. Supp. 2d 694, 697 (S.D.N.Y. 2013) (considering locations of doctors).

[3] The facts in this paragraph are drawn from Ms. Putman's June 25, 2025, examination under oath, which Plaintiff's counsel has confirmed remain accurate as of the jurisdictionally relevant dates set forth above. Defendants' counsel is not aware of any information that contradicts these jurisdictional facts.

[4] The proviso of 28 U.S.C. § 1332(c)(1)(A) that, in a "direct action" against an insurer, the insurer is deemed to also be a citizen of every state of which the insured is a citizen does not apply in actions, like this, "brought against the insurer… by the insured for failure to pay policy benefits." *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 675 (2d Cir. 1992).