UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
JAMIE PUTMAN,

                  Plaintiff,

- against -

SELECTIVE INSURANCE COMPANY OF NEW JERSEY and SELECTIVE INSURANCE COMPANY OF AMERICA,

                  Defendants.
-----------------------------------------------------x

Civil Action No. 1:25-cv-6563 (MMH)

ATTORNEY AFFIRMATION IN SUPPORT

COLIN RATHJE, an attorney duly admitted to practice law before all the courts of the State of New York, hereby affirms the following under the penalties of perjury:

1. I am an associate of O'Malley, Padovani & Demler, attorneys for defendants SELECTIVE INSURANCE COMPANY OF NEW JERSEY and SELECTIVE INSURANCE COMPANY OF AMERICA herein, and as such, I am fully familiar with the facts and circumstances heretofore had herein.

2. This affirmation is submitted in support of the within motion which seeks an Order permitting defendants to serve an amended answer in the form annexed hereto, and deeming said amended answer served nunc pro tunc, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and for such other and further relief as this Court may deem just and proper.

PRELIMINARY STATEMENT

3. Plaintiff brings this action against defendants asserting a claim for uninsured motorist coverage arising from an alleged impact between plaintiff and an unidentified motor vehicle on June 15, 2024 outside her residence in Brooklyn, New York. In furtherance of the coverage investigation prior to the commencement of this action, Selective Insurance Company of

1

America conducted an Examination Under Oath of the claimant, now plaintiff. A copy of the transcript of that examination is annexed hereto as Exhibit "A".

4. Defendants move pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend their answer because:

   a. Defendants obtained further information requiring the correction of two responses to plaintiff's complaint. Specifically, defendants now admit the allegations in paragraph "1" of the complaint that plaintiff regarding plaintiff's residency; and defendants now admit in paragraph "15" that they have not disclaimed coverage applicable to plaintiff's injuries from the subject collision under the subject auto policy.

   b. Plaintiff's deposition testimony revealed the existence of meritorious affirmative defenses that had not been raised in the initial answer. Specifically, plaintiff testified that the accident occurred when she stepped out from between two parked cars into an area that she knew to be frequented by fast-moving delivery bikes, without looking to her left or right to see if it was safe for her to do so. For that reason, defendants seek to amend their answer to assert the affirmative defense of plaintiff's culpable conduct. Plaintiff further testified that her own actions after the subject impact may have worsened her condition, and on that basis defendants seek to add the affirmative defense of failure to mitigate damages.

5. A copy of the proposed amended answer is annexed hereto as Exhibit "B".

PROCEDURAL HISTORY

6. Plaintiff commenced this action by filing a summons and complaint in the New York State Supreme Court, Kings County, on November 6, 2025.

7. Defendants filed a Notice of Removal with exhibits with the Clerk of the Court of The United States District Court for the Eastern District of New York, and paid the necessary fee, on November 25, 2025 (ECF No. 1).

8. Defendants answered plaintiff's complaint on December 4, 2025 (ECF No. 8). As is relevant to this motion, that answer denied allegations as to plaintiff's residence (paragraph "1"), and denied in the form alleged those allegations in paragraph "15" that defendants have not disclaimed coverage. The answer also asserted no affirmative defenses.

9. After a virtual conference held on January 8, 2026, this Honorable Court "so-ordered" a Proposed Discovery Plan/Scheduling Order dated January 8, 2026 (ECF No. 14). That order provided, in pertinent part, that motions to amend pleadings be served by February 1, 2026.

10. Plaintiff was deposed in this action on January 28, 2026. The transcript of that deposition has not yet been provided to your affirmant.

STANDARD OF REVIEW

11. On a motion to amend the pleadings before trial pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the Court should freely give leave to amend, when justice so requires, when the party seeking to amend seeks the Court's leave to do so.

ARGUMENT

12. After further consultation with plaintiff's counsel, and having now conducted plaintiff's deposition, it is necessary to amend defendants' answer, as defendants now admit that for purposes of coverage under the policy, plaintiff was a resident of New Jersey, while for all

other purposes plaintiff is and was a resident of Brooklyn, New York. For that reason, the proposed amended answer, which admits the allegations in paragraph "1" of plaintiff's complaint, more accurately reflects the true state of affairs, and the true knowledge of the defendants.

13. Similarly, amending the response to paragraph "15" of the complaint is warranted, as Selective Insurance Company has now completed its investigation and deemed plaintiff to be covered under the subject insurance policy. While defendants may deny the allegations as to liability under the subject policy, they do not disclaim coverage.

14. Prior to conducting plaintiff's deposition, defendants had no knowledge sufficient to meritoriously assert the affirmative defenses now contained in the proposed amended answer – culpable conduct and failure to mitigate damages. Although plaintiff had previously given testimony at her Examination Under Oath, nothing in that testimony suggested any culpable conduct on her part, nor did it suggest a failure to mitigate damages. At the time the initial answer was interposed, your affirmant could not have asserted these affirmative defenses in good faith, lacking any supporting knowledge to do so.

15. At plaintiff's deposition on January 28, 2026, she testified that the accident occurred when she stepped out from between two parked cars into an area that she knew to be frequented by fast-moving delivery bikes, without looking to her left or right to see if it was safe for her to do so. She further testified that she was hit almost immediately after she stepped out from between the parked cars. It is respectfully submitted that this testimony (1) was the first knowledge obtained by defendants suggesting culpable conduct on plaintiff's part, and (2) gives merit to the affirmative defense that "[T]he injuries and damages allegedly sustained by plaintiff were caused in whole or in part by the culpable conduct of plaintiff, including negligence and assumption of risk, as a result of which the claim of plaintiff is therefore barred or diminished in

the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and damages.

16. Just as defendants had no knowledge of the merit of a culpable conduct defense prior to plaintiff's deposition, defendants also had no knowledge sufficient to meritoriously assert a failure to mitigate damages defense prior to plaintiff's deposition. However, at plaintiff's deposition, she herself volunteered that she may have made her injury worse by her own conduct in the aftermath of the accident. Unfortunately, the actual testimony is not yet available, but it is not anticipated that plaintiff can reasonably refute that the testimony was given. Thus, there is now merit to the affirmative defense that "Upon information and belief, plaintiff failed to mitigate her damages."

17. It is respectfully submitted that there is no prejudice to the plaintiff in any of the amendments sought herein. As to the responses to plaintiff's allegations, the amendments are actually beneficial to the plaintiff, as they eliminate issues that might otherwise need to be proven at trial. As to the affirmative defenses, plaintiff has always been in possession of the information that forms the basis of the two affirmative defenses sought to be added.

18. The accompanying Memorandum of Law sets out the legal basis for granting the relief sought herein.

## CONCLUSION

19. For the foregoing reasons, and based upon the law as stated in the Memorandum of Law, the relief sought herein should be granted in its entirety, and this Court should issue an Order permitting defendants to serve an amended answer in the form annexed hereto, and deeming said amended answer served nunc pro tunc, pursuant to Rule 15(a) of the Federal Rules of Civil

Procedure, and for such other and further relief as this Court may deem just and proper.

Dated: Elmsford, New York
      January 30, 2026

                                            Colin Rathje
                                            O'MALLEY, PADOVANI & DEMLER
                                            *Attorneys for Defendants*
                                            565 Taxter Road, Suite 220
                                            Elmsford, NY 10523
                                            (914) 347-1344
                                            Colin.Rathje@Selective.com

TABLE OF CONTENTS

PRELIMINARY STATEMENT …………………………………………………………….1

PROCEDURAL HISTORY ……………………………………………………………………2

STANDARD OF REVIEW ……………………………………………………………………3

ARGUMENT …………………………………………………………………………………..3

CONCLUSION ………………………………………………………………………………...5