UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMIE PUTMAN, | Civil Action No. 1:25-cv-6563 (MMH) |
| Plaintiff, | |
| - against – | **MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO MOTION TO AMEND** |
| SELECTIVE INSURANCE COMPANY OF NEW JERSEY and SELECTIVE INSURANCE COMPANY OF AMERICA, | |
| Defendants. | |

Plaintiff Jamie Putman submits this memorandum of law in partial opposition to the motion of Defendants Selective Insurance Company of New Jersey and Selective Insurance Company of America (collectively "Selective") for leave to amend their answer (ECF No. 16).

## PRELIMINARY STATEMENT

Plaintiff Jamie Putman was struck and seriously injured by a motorbike speeding down the sidewalk in front of her apartment. The driver fled, leaving her collapsed on the ground. Ms. Putman is insured under an Uninsured Motorist ("UM") policy issued by Selective. Selective has accepted coverage and thus steps into the shoes of that hit-and-run driver and is liable for the damages (up to the policy limits) Ms. Putman could have recovered from the driver.

Selective now moves for leave to amend its answer pursuant to Federal Rule of Civil Procedure 15(a)(2) to, *inter alia*, interpose the affirmative defense that Ms. Putman contributed to and is responsible for her own injuries by failing to be sufficiently vigilant while walking on the sidewalk. Leave should be denied as futile because, as a matter of law, someone driving a motor vehicle down a sidewalk cannot shift the onus on to a pedestrian to avoid injury due to the driver's illegal, and indeed criminal, conduct. Neither can Selective standing in driver's shoes.

## BACKGROUND

On June 15, 2024, Plaintiff Jamie Putman had exited an Uber and was crossing the sidewalk in front of her Brooklyn residence, when she was struck by a motorbike driving on the sidewalk. Compl. ¶ 7 (ECF No. 1-2); Decl. Partial Opp'n Mot. Am. Ex. 1 ("Coverage Ltr.") at 2. Ms. Putman brought a claim for Uninsured Motorist coverage under an insurance policy issued and managed by Selective. Compl. ¶¶ 4–5, 13; Coverage Ltr. at 1; Att'y Aff. Supp. ¶ 3 (ECF No. 16-1) Selective investigated Ms. Putman's claim and "determined that Ms. Putman is entitled to UM coverage." Coverage Ltr. at 1; *see also* Compl. ¶ 14.

The relevant provision of the insurance agreement states that "[Selective] will pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' or 'underinsured motor vehicle' because of… 'Bodily injury' sustained by an 'insured' and caused by an accident." Coverage Ltr. at 5 (quoting policy).

Unable to come to an agreement with Selective on the amount of her damages, Plaintiff commenced this lawsuit in New York State Supreme Court, which Selective subsequently removed to federal court. *See* Notice of Removal (ECF No. 1); Att'y Aff. Supp. ¶¶ 6–7. Selective filed an answer, which did not include any affirmative defenses. Answer (ECF No. 8); Att'y Aff. Supp. ¶ 8.

Selective now moves for leave to amend its answer to admit two allegations previously denied and to interpose the affirmative defenses that Ms. Putman's culpable conduct contributed to her injuries and that she failed to mitigate damages. Att'y Aff. Supp. ¶ 4; Proposed Am. Answer ¶¶ 1, 15, 26–27 (ECF No. 16-3).

## **ARGUMENT**

Leave to amend should be denied to the extent Selective seeks to assert the affirmative defense that Ms. Putman's conduct was culpably negligent.[1]

Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires." While this standard is liberal, it is subject to important constraints, which must be enforced by the courts, including, as relevant here, "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

> A motion for leave to amend an answer to assert an affirmative defense may be denied as futile when the affirmative defense would be meritless. "In fact, it is unexceptional for federal courts to deny leave to amend on the basis of futility where the proposed amended pleading would not withstand a motion to dismiss."

*Carroll v. Trump*, 680 F. Supp. 3d 491, 504 (S.D.N.Y.) (quoting *Carroll v. Trump*, 590 F. Supp. 3d 575, 579 (S.D.N.Y. 2022)), *aff'd in part, appeal dismissed in part,* 88 F.4th 418 (2d Cir. 2023), *adhered to,* 151 F.4th 50 (2d Cir. 2025).

In support of its motion, Selective argues that:

> Plaintiff's deposition testimony revealed the existence of meritorious affirmative defenses that had not been raised in the initial answer. Specifically, plaintiff testified that the accident occurred when she stepped out from between two parked cars into an *area* that she knew to be frequented by fast-moving delivery bikes, without looking to her left or right to see if it was safe for her to do so. For that reason, defendants seek to amend their answer to assert the affirmative defense of plaintiff's culpable conduct.

Att'y Aff. Supp. ¶ 4(b) (emphasis added).

---

[1] The full language of Selective's proposed affirmative defense is:

> The injuries and damages allegedly sustained by plaintiff were caused in whole or in part by the culpable conduct of plaintiff, including negligence and assumption of risk, as a result of which the claim of plaintiff is therefore barred or diminished in the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and damages.

Proposed Am. Answer ¶ 26.

To be clear, it is undisputed that the "area" that Selective asserts Ms. Putman so cavalierly stepped into without checking for speeding motor vehicles is the sidewalk in front of her apartment building. *See* Coverage Ltr. at 2 ("I stepped onto the sidewalk and then I got hit and then I fell down and then I tried to stand up and then I passed out." (quoting EUO Tr. at 18:16–19 (ECF No. 16-2))); Decl. Partial Opp'n Mot. Am. ¶ 6 & Ex. 2 ("Dep. Tr.") at 9:23–24 ("Q. Okay, and where did that accident happen? A. That happened back in Brooklyn on the sidewalk.").

Here, Ms. Putman cannot have been negligent because she has no duty to keep a lookout for motor vehicles traveling on the sidewalk. The law in New York is clear: "A pedestrian who has the right of way is entitled to anticipate that motorists will obey the traffic laws that require them to yield." *Huang v. Franco*, 149 A.D.3d 703, 703 (2017); *accord. Ahmed v. Garzon*, 210 A.D.3d 832, 833 (2022). This rule is most often implicated when pedestrians are crossing the street with the light, where they have the right-of-way, but motor vehicles may nevertheless be legally present. In the context of a pedestrian walking on the sidewalk, it applies with even greater force. *See Bonanno v. Hanes*, 215 N.Y.S.2d 846, 848 (Sup. Ct. 1961) ("Here there is no question of contributory negligence, for surely, a pedestrian is under no duty to look out for vehicles traveling behind on the sidewalk."); *cf. Knapp v. N.Y. Tel. Co.*, 161 Misc. 2d 878, 881 (Sup. Ct. 1994) (holding that a property owner has no duty of care towards a motorcyclist driving on the sidewalk in violation of the Vehicle and Traffic Law).

Under the New York Vehicle and Traffic Law, "[n]o person shall drive a motor vehicle on or across a sidewalk," except in very limited, enumerated circumstances, in which case "a vehicle may be driven at a reasonable speed, but not more than five miles per hour, on or across a sidewalk in such manner as not to interfere with the safety and passage of pedestrians thereon,

4

who shall have the right of way." N.Y. V.T.L. § 1225-a.[2] In New York City, the motorbike driver's actions in striking and injuring Ms. Putman while violating her right-of-way on the sidewalk were not just a traffic infraction, but a crime. *See* N.Y.C. Admin. Code §19-190(a)– (b) ("any driver of a motor vehicle who fails to yield to a pedestrian or person riding a bicycle when such pedestrian or person has the right of way… and whose motor vehicle causes contact with a pedestrian or person riding a bicycle and thereby causes physical injury, shall be guilty of a misdemeanor"). [3]

Under the Selective insurance policy, Ms. Putman is entitled to whatever damages she could have recovered from the hit-and-run driver. Coverage Ltr. at 5 ("[Selective] will pay compensatory damages which [Ms. Putman] is legally entitled to recover from the owner or operator of [the motorbike that struck her]." (quoting policy)). The driver could not have shifted the blame onto Ms. Putman for his reckless, even criminal, behavior illegally speeding down a sidewalk. As such, Selective cannot reduce its exposure by the same measure. The law simply does not put the onus on a pedestrian walking on a Brooklyn sidewalk to avoid being struck by a motor vehicle.

*       *       *

---

[2] These limited circumstances are:

> (a) to gain access to a public highway, private way or lands or buildings adjacent to such highway or way;

> (b) in the conduct of work upon a highway, or upon a private way or lands or buildings adjacent to such highway or way, or

> (c) to plow snow or perform any other public service, for hire, or otherwise, which could not otherwise be reasonably and properly performed.

N.Y. V.T.L. § 1225-a.

[3] *See* N.Y. V.T.L. § 155 (Defining a "traffic infraction" as a violation of a "rule or regulation regulating traffic which is not declared by [the Vehicle and Traffic Law] or other law of this state to be a misdemeanor or a felony."); N.Y. Penal Law § 10.00(6) ("'Crime' means a misdemeanor or a felony.").

Plaintiff Jamie Putman respectfully requests the Court deny Selective's motion to amend (ECF No. 16)) to the extent Selective seeks to assert the proposed First Affirmative Defense (Proposed Am. Answer ¶ 26) that's Ms. Putman's conduct was culpably negligent.[4]


DATED:      New York, New York
            February 13, 2026


                                        /s/ Brandon W. Chamberlin
                                        Brandon W. Chamberlin
                                        LAW OFFICE OF ADAM D. WHITE
                                        *Attorneys for Plaintiff*
                                        75 Broad Street #1601
                                        New York, New York 10004
                                        (212) 577-9710
                                        brandon@adamwlaw.com

---

[4] Plaintiff does not object to Selective's other proposed amendments.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMIE PUTMAN, | Civil Action No. 1:25-cv-6563 (MMH) |
| Plaintiff, | |
| - against – | **LOCAL CIVIL RULE 7.1(c)** |
| | **CERTIFICATION** |
| SELECTIVE INSURANCE COMPANY OF NEW JERSEY and SELECTIVE INSURANCE COMPANY OF AMERICA, | |
| Defendants. | |

The undersigned attorney, duly admitted to practice law before this Court, hereby certifies pursuant to Local Civil Rule 7.1(c), that the foregoing Memorandum of Law in Partial Opposition to Motion to Amend, was prepared on a word processing system and the undersigned has relied upon the word count of the same to prepare this certification.

WORD COUNT: The total number of words in the foregoing document is 1,592, which complies with the word-count limitations of Local Civil Rule 7.1(c).

DATED:    New York, New York
          February 13, 2026

/s/ Brandon W. Chamberlin
Brandon W. Chamberlin
LAW OFFICE OF ADAM D. WHITE
*Attorneys for Plaintiff*
75 Broad Street #1601
New York, New York 10004
(212) 577-9710
brandon@adamwlaw.com