UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JAMIE PUTMAN,

                Plaintiff,

   - against -

SELECTIVE INSURANCE COMPANY OF NEW JERSEY and SELECTIVE INSURANCE COMPANY OF AMERICA,

               Defendants.
-------------------------------------------------------x

Civil Action No. 1:25-cv-6563 (MMH)

ATTORNEY AFFIRMATION
IN REPLY

COLIN RATHJE, an attorney duly admitted to practice law before all the courts of the State of New York, hereby affirms the following under the penalties of perjury:

1.    I am an associate of O'Malley, Padovani & Demler, attorneys for defendants SELECTIVE INSURANCE COMPANY OF NEW JERSEY and SELECTIVE INSURANCE COMPANY OF AMERICA herein, and as such, I am fully familiar with the facts and circumstances heretofore had herein.

2.    This affirmation is submitted in reply to plaintiff's partial opposition to, and in further support of, the within motion which seeks an Order permitting defendants to serve an amended answer in the form annexed hereto, and deeming said amended answer served nunc pro tunc, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and for such other and further relief as this Court may deem just and proper.

3.    Initially, plaintiff does not oppose so much of the motion as seeks to amend paragraphs "1" and "15" of the answer to admit the corresponding allegations in the complaint. Similarly, plaintiff has not opposed amending the answer to assert the defense of failure to mitigate damages, and it is therefore respectfully requested that the motion be granted to that extent at a

minimum.

4.  Plaintiff also does not argue that the amendments sought in this motion cause any surprise or prejudice.

5.  Plaintiff argues that this motion should be denied as futile because the unidentified driver, or Selective standing in their shoes, "cannot shift the onus on to a pedestrian to avoid injury…". However, there is myriad authority for the proposition that 'there can be more than one cause of an accident." Further, it is your affirmant's understanding that New York Pattern Jury Instructions would be used should this case be tried. Those jury instructions provide, in relevant part:

- PJI 2:10 Negligence Defined: "Negligence is lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.
- PJI 2:36 Comparative Fault: "If you find that the defendant was negligent and that the defendant's negligence was a substantial factor in bringing about (the accident …), you must next consider whether the plaintiff … was also negligent and whether the plaintiff's … negligence was a substantial factor in bringing about the accident …"

6.  Notably, in defining negligence, the pattern jury instruction makes no reference to a plaintiff or a defendant, but only to a reasonably prudent person and the care such person must use under given circumstances. This instruction therefore already envisages consideration of plaintiff's conduct under the circumstances as may be presented at trial. Your affirmant merely seeks leave to amend the complaint to add this specific affirmative defense to avoid any argument of surprise or prejudice at trial.

7.  The cases cited by plaintiff are inapposite. Most involve a question of right of way for a pedestrian versus a motor vehicle at or near crosswalks which is not the case here. The case

cited by plaintiff most directly on point is <u>Bonanno v. Hanes</u>, 215 N.Y.S.2d 846, 848 (Sup. Ct. 1961), a 65 year old New York Supreme Court case that is not binding on this Court but in any event is clearly distinguishable. Bonanno was a summary judgment motion, decided 60 years before the New York Court of Appeals decided <u>Rodriguez v. City of NY</u>, 31 NY3d 312 (2018), which held that a plaintiff may obtain judgment against a defendant in a personal injury case without having to prove plaintiff's freedom from fault.

8. Here, defendants do not move for summary judgment, and at this stage do not claim to prove plaintiff's culpable conduct. Defendants merely seek leave to assert that culpable conduct as a defense. Notably, in opposing the motion, plaintiff has not address Ms. Putman's deposition testimony, referred to in support of the motion before the transcript was available. By submitting excerpts of that testimony, plaintiff has demonstrated that they are aware of the testimony regarding the culpable conduct defense, including the following:

- at page 32, lines 10 – 12: "I think part of the reaction is that again I've lived in this building for two, three years and a lot of bikes speed down that sidewalk daily …"

- at page 33, line 2 – page 34, line 20:

    - Q: : …had you ever seen bikes like that on the street before the day of your accident?

    - A. Yes, and the sidewalk.

    - Q. Okay, and specifically regarding the sidewalk in the years previous you had lived there before the date of the accident how frequently did you see bikes?

- A. Daily.

- Q. And on a daily basis how many bikes would you see on the sidewalk in that period of time that you lived there before the accident?

- A. I didn't count them. I just know they were a frequent thing and still are a frequent thing. I mean people pull up.

- Q. Okay. All right. Just to sort of, you said, would it be more than once a day that you would see a bike on the sidewalk?

- A. Approximately. Some days there's one.· Some days there's more.

- Q. More than five?

- A. Some days.

- Q. Okay.

- A. It depends on how long I'm standing outside.

- Q. Okay.· Would it be more than ten?

- A. If I'm standing for like, I'm talking about what I see personally, not like my approximation of it. No, ten sounds like it's a high number. I wouldn't be standing outside for that long on a one-way street, but you know.

- Q. All right.· So, given all of the time that you lived there can you estimate on an hourly basis how frequently bikes like the bike that hit you would traverse the sidewalk in front of your building; how many in an hour on average?

- A. So, you're asking, is it okay if I guess?

- Q. If you give me information based on your experience about what I'm asking you, that's fine.

- A. Approximately, I am guessing, let's say three an hour.
- Q. Okay, and would that frequency change with the time of day? Would there be more at a certain period of the day versus the others?
- A. I would guess, I would say 3 p.m. has more bikes than 3 a.m. I would hope so.
- at page 29, line 6 – page 30, line 6:
  - Q. Okay, and just, I'll ask it a different way. Did you have to walk between two cars to get up on to the sidewalk?
  - A. I already told you there were cars lining the right. Those are the cars I walked behind. I didn't look at what was behind me.
  - Q. No, no. Not behind you. I think we are saying the same thing, I just want to make sure. When you walked behind the car that was parked next to the curb in order to get up on to the street was there another car behind that parked car that you were walking behind?
  - A. Approximately, yes. I remember it just being very tight.
  - Q. Yes?
  - A. I feel, I don't know about, I was not counting the cars that are all over the street.· I remember it was tight I had to get around. That's what I did.
  - Q. Okay. When you stepped up from the street on to the sidewalk did you look right or left before you took that step?
  - A. Do you look right or left before crossing a sidewalk?
  - Q. I'm asking the questions, for today's purposes I ask the questions.
  - A. So, no, I did not look right and left.

9.  A copy of plaintiff's deposition transcript is annexed hereto as Exhibit A. It is respectfully submitted that plaintiff's testimony can be reasonably read to say that she stepped onto the sidewalk from between two parked cars into an area where she knew delivery bikes to frequent, without ascertaining whether it was safe to do so. It is further respectfully submitted that based on this testimony and the definition of negligence cited above, the proposed affirmative defense of plaintiff's culpable conduct is not futile, but in fact has significant merit. On that basis, the motion should be granted in its entirety.

## CONCLUSION

10. For the foregoing reasons, and based upon the law as stated in the Memorandum of Law, the relief sought herein should be granted in its entirety, and this Court should issue an Order permitting defendants to serve an amended answer in the form annexed to the original motion, and deeming said amended answer served nunc pro tunc, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and for such other and further relief as this Court may deem just and proper.

Dated: Elmsford, New York
      February 23, 2026

Colin Rathje
O'MALLEY, PADOVANI & DEMLER
*Attorneys for Defendants*
565 Taxter Road, Suite 220
Elmsford, NY 10523
(914) 347-1344
Colin.Rathje@Selective.com